IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DAVID GLENN MORRIS,** | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 14-604-CG-B |
| | ) | |
| **DANIEL B. O'BRIEN, et al.,** | ) | Bankr. Case. No. 14-01944-MAM-13 |
| | ) | |
| Appellees. | ) | |

# ORDER

This matter is before the court as an appeal from the bankruptcy court, pursuant to 28 U.S.C. § 158.[1] The parties have filed appellate briefs, which the court has carefully reviewed. The Court has determined that the facts and legal arguments are adequately presented in the briefs and the record and that the decisional process would not be significantly aided by oral argument. As will be explained below, this Court finds that the bankruptcy court did not err in deciding to dismiss Appellant's bankruptcy case and to deny Appellant's motion to reconsider that dismissal. As such, the decision of the U.S. Bankruptcy Court on appeal is due to be affirmed.

---

[1] The Court notes that the notice of appeal states that the appeal is under 158(a) or (b). Under 158(a) an appeal is directed to the district court. Section 158(b) provides that an appeal may be made to a bankruptcy appellate panel. Such panels, which are typically created at the determination of each individual circuit, are comprised of bankruptcy judges and replace the district court in the appellate chain unless one of the parties opts to have the appeal heard by the district court instead. However, the Eleventh Circuit has not established a bankruptcy appellate panel. Thus, although the notice stated that it was under § 158(a) or (b), it is clear that the appeal was to district court.

**I. Bankruptcy Court Decision**

Appellant, David Glenn Morris, appeals from the judgment order or decree of the bankruptcy judge dated December 15, 2014. (Doc. 1, p. 2). In the December 15, 2014 order, Judge Mahoney denied Morris' motion to reconsider the dismissal of his bankruptcy case. (Doc. 5, p. 380-382). Judge Mahoney stated that the facts were as follows:

> Mr. Morris filed this chapter 13 case pro se on June 16, 2014. He has failed to file numerous documents required to be filed in a case. He has not filed certificates of service as to many of the pleadings he has filed. He has failed to file 2011, 2012 and 2013 federal tax returns according to the IRS. Mr. Morris states he has filed them. He admits he filed as a single person; but he is married. At a hearing on December 3, 2014, he brought to court a divorce petition which he had just filed. Mr. Morris was required to commence making chapter 13 payments in July 2014. His chapter 13 plan states that he will pay $394.06 per month to creditors. At dismissal, he had made 2 payments of 5. After dismissal, according to the documents attached to his motion to reconsider, he had submitted 1 more payment. Even with that payment, he was 2 payments behind.
> The plan proposed by Mr. Morris was not confirmable as filed. Technique Auto Sales had filed a valid objection to the plan; the Chapter 13 Trustee opposed the plan due to lack of feasibility and lack of payments; and the United States had filed a motion to dismiss the case due to failure to file tax returns. On December 4, 2014, the Court granted the motion of the United States to dismiss the case.
> Mr. Morris filed his motion to reconsider on December 12, 2014. Mr. Morris' Motion to Reconsider states that he had made 3 payments to the trustee. It also states he had paid the IRS.

(Doc. 5, pp. 377-378). Judge Mahoney found that even with an additional payment, Mr. Morris was still at least two payments behind. (Doc. 5, p. 378). Judge Mahoney also found that even if Morris had made payments to the IRS, he had still not filed the proper returns for a married man. (Doc. 5, p. 378). Additionally, Morris' plan remained "unconfirmable due to the objections of the Chapter 13 Trustee and

2

Technique Auto Sales." (Doc. 5, p. 378).  The bankruptcy judge then concluded that Morris' motion for reconsideration raised no issues that were not or could not have been raised at the prior hearing and should therefore be denied without a hearing.

## II. Standard of Review

A bankruptcy court's findings of fact are reviewed for clear error, and its legal conclusions and any mixed questions of law and fact are reviewed de novo. Educ. Credit Mgmt. v. Mosley (In re Mosley), 494 F.3d 1320, 1324 (11th Cir. 2007); Christopher v. Cox (In re Cox), 493 F.3d 1336, 1340 n. 9 (11th Cir. 2007). "The district court makes no independent factual findings," but instead reviews "the bankruptcy court's factual determinations under the 'clearly erroneous' standard." In re Colortex Industries, Inc., 19 F.3d 1371, 1374 (11th Cir. 1994) (citation omitted).  A finding of fact "is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (citation, internal quotation marks, and alterations omitted).  As the reviewing court, this court must give "due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).  An appellate court may affirm the lower court "where the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected" by the lower court. Bonanni Ship Supply, Inc. v. United States, 959 F.2d 1558, 1561 (11th Cir. 1992).

3

### III. Discussion

In Mr. Morris' appeal brief, he contends that the bankruptcy court did not have jurisdiction when it dismissed his case because he had appealed an order of the bankruptcy court and the bankruptcy court had therefore lost jurisdiction over related matters.  On July 25, 2014, the bankruptcy judge granted relief from the stay to Federal Home Loan Mortgage Corporation. (Doc. 5, p. 228; Bankr. Doc. 47). On July 31, 2014, Morris appealed the bankruptcy court's relief from stay order. (Doc. 5, p. 235; Bankr. Doc. 51).  Morris' appeal remained pending when his bankruptcy case was dismissed on December 4, 2014, as well as when his motion to reconsidered was denied on December 15, 2014.  However, "proceedings in bankruptcy should not halt merely because interlocutory orders are appealed." Futch v. Roberts (In re Roberts), 291 F. App'x 296, 298 (11th Cir. 2008) (quoting Mavity v. Assoc. Disc. Corp., 320 F.2d 133, 136 (5th Cir. 1963)).  "Instead, 'a case should continue to be adjudicated on the merits by [the bankruptcy court] unless the order appealed from was of such a nature as to render further proceedings useless.' " Id. (quoting Mavity supra).  "The filing of a notice of appeal to a district court divests a bankruptcy court of jurisdiction to proceed with matters raised by such appeal but not as to matters that are 'uniquely separable' from and collateral to the merits of the appeal." State Farm Mutual Automobile Ins. Co. v. Brown (In re Brown), 2007 WL 3326684, at *1 (M.D. Fla. Nov. 6, 2007) (citations omitted).

In the instant case, the appeal of the relief from stay did not render further proceeding in Morris' bankruptcy case useless.  Morris' bankruptcy case proceeded

4

for more than four months after the appeal and was eventually dismissed based on reasons collateral to the appeal.  The merits of the appeal were unrelated to Morris' continued failure to file numerous documents required to be filed in his case or his failure to make the required payments under his Chapter 13 plan.  This Court finds that the bankruptcy court had jurisdiction to proceed with Morris' case and to ultimately dismiss his case while the appeal was still pending.

Morris also states that the "assigned trustee failed or refused to protect the entrusted inventory estate of David Morris and all of David Morris' inventory and estate was liquidated or missing from the touch or domain of David Morris." (Doc. 17, p. 1).  Morris argues that "the Trustee did not have a judicial right to abandon or do away with the inventory/estate assets of David Morris." (Doc. 17, p. 2).  It is unclear what Morris is trying to say.  Morris filed bankruptcy under Chapter 13.  His assets were not liquidated under Chapter 7.  In a Chapter 13 bankruptcy, unless otherwise provided in a confirmed plan, "the debtor shall remain in possession of all property of the estate." 11 U.S.C. § 11306(b).  The Chapter 13 Trustee only receives plan payments from the debtor. See 11 U.S.C. §§ 1322(a)(1), 1326(a)(1)(A).  The Trustee did not abandon or do away with property of Mr. Morris' estate.

Morris cites to Federal Rules of Bankruptcy Procedure 7062 and 6004(h) and then states that "staying the enforcement of an Order Pending Appeal is not only understood in law but followed by honest and competent judicial official and assigned Trustee." Rule 7062 provides that an appellant may obtain a stay when an

appeal is taken. See FED. R. BANKR. P. 7062(d)-(e).  Morris had moved for a stay of the order granting relief from stay to Federal Home Loan Mortgage Corporation, which was denied on August 7, 2014. (Bankr. Docs. 54, 57).  Morris did not appeal the denial of his motion for stay and the time for appeal of that order has expired. See FED.R.BANKR.P. 8002(a) ("Except as provided in subdivisions (b) and (c) [which are not applicable here], a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.").  Thus, although a stay may sometimes be obtained upon an appeal, Morris did not obtain one here.

Rule 6004(h) states that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  It is unclear how Morris contends that this rule applies to his case.  The Court finds it does not affect the merits of the bankruptcy court's dismissal of his case.

None of Morris' arguments show that the bankruptcy court erred in dismissing his bankruptcy case or in refusing to reinstate his case upon his motion for reconsideration.  Morris ignored numerous notices and orders from the court and failed to comply with the requirements of Chapter 13 even though he was given ample opportunity to correct the deficiencies.  Morris' continual failures constitute "cause" for dismissal as they resulted in an "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c)(1).  There was also "cause" for Morris' case to be dismissed due to his "failure to commence making timely

6

payments." 11 U.S.C. § 1307(c)(4).  Morris' repeated failure to comply with rules and orders of the bankruptcy court was good cause to dismiss his case.  Because Morris has not shown that the facts relied upon by the bankruptcy court were clearly erroneous or that the court erred in dismissing his case and denying his motion to reconsider the dismissal, the decision of the bankruptcy court should be affirmed.

**IV. Conclusion**

For the reasons stated above, the order of the bankruptcy judge dated December 15, 2014, denying the motion of David Glenn Morris to reconsider the dismissal of his Chapter 13 bankruptcy case, is hereby **AFFIRMED**.

**DONE** and **ORDERED** this 2nd day of September, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE